UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

FILED LYNCHBURG, VA
U.S. BANKRUPTCY COURT
MAY - 9 2016
By_____ 8:45
DEPUTY CLERK

IN RE WILLIAM L. WALLIS,    )    Chapter 13
                            )
        Debtor              )    Case No. 16-60186
                            )
                            )    OBJECTION TO CONFIRMATION

COMES NOW Crystal Victoria Lee Rivers, Pro Se, on behalf of

Crystal Victoria Lee Rivers "Rivers" and objects to confirmation of the debtor's Chapter 13 plan on the following grounds:

1. Debtor failed to include Rivers and CVLR Performance Horses Inc as a Creditor Who Has Claims Secured by Property in Official Form 106Sum Part #2 Schedule D

2. Debtor included NMG Inc as a business (no assets) of which he was 100% owner on Official Form 106A/B, answering YES to #19 Non-Publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture

3. Debtor answering NO to #30 which asked, "Other amounts someone owes you", on Official Form 106A/B

4. Debtor answering NO to #33 which asked, "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment", on Official Form 106A/B and

5. Debtor answered NO to #34 asking for, "Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims and."

6. Debtor answered NO to #35 asking for, "Any financial assets you did not already list."

7. Debtor answered NO to #37 asking, "Do you own or have any legal or equitable interest in any business-related property?"

8. Debtor listed on Schedule C, the current value of Northwood Management Group, Inc (no assets) as $0.00

9. Debtor failed to include Rivers and CVLR Performance Horses Inc as a creditor on Schedule D

10. Debtor answered NO to #1 on Official Form 106G which asked, "Do you have any executor contracts or unexpired leases?"

11. Debtor signed and Declared Under penalty of perjury, that he read the summary and schedules filed with the Declaration and that they were true and correct on March 8, 2016

12. Debtor did not include Case No CL14001454-00, Northwood Management Group Inc v Crystal VL Rivers and CVLR Performance Horses Inc on #9 of Part 4 on Official Form 107

13. Debtor signed and agreed the he read the answers on the Statement of Financial Affairs and any attachments, and he declared under penalty of perjury that the answers were true and correct.  He understood that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000.00 or imprisonment for up to 20 years, or both 18 U.S.C.§§ 152, 1341, 1519, and 3571

14. On August 4, 2014 the debtor filed Case No CL14001454-00 Northwood Management Group, Inc v Crystal VL Rivers and CVLR Performance Horses Inc, in the City of Roanoke, Virginia claiming that Rivers and her company CVLR Performance Horses, Inc.  Northwood was not in good standing with the State of Virginia at the time of filing

(a) On or about September 30, 2011, that Northwood and the Defendants entered into a Partnership Agreement

(b) Pursuant to the terms of the Partnership Agreement, Northwood agreed to pay the legal costs of the various claims held by the Defendants

(c) In return for payment of the legal costs, Defendants agreed that it would repay Northwood for all legal expenses that Northwood paid on behalf of either Defendant, as well as any loans that Northwood may have made to either party, out of the first revenues derived from any legal action

(d) The Partnership Agreement further provided that once the legal expenses had been repaid, then Northwood would be entitled to 33% of any additional award or revenue derived from any legal action, and the Defendants would receive 67% or any such award or revenue

(e) After the parties executed the partnership Agreement, Northwood began making certain payments on the Defendants behalf

(f) Northwood made 3 payments directly to Rivers totaling $7,500.00

(g) Between July 26, 2011 and August 13, 2013, Northwood made payments to the Attorney, Bowman, totaling $51,467.34

(h) Between September 9, 2013 and March 6, 2014, Northwood paid an additional $24,698.56 in attorney's fees and legal costs on the Defendants behalf.

(i) To date, Northwood has paid a total of $83,665.90

15. Rivers signed a Representation Agreement with Attorney Bowman on July 21, 2011 and signed the Partnership Agreement with Northwood Management Group Inc on July 26, 2011

16. On March 30, 2014 Rivers terminated the last and final February 24, 2014 verbal and noted Agreement between Rivers, CVLR, Bowman, Northwood and Wallis due to learning that Wallis had no income and had been levied by the US Government during the entire duration and onset of the Partnership Agreement and both he and Bowman were misleading her and brokering the legal fees

17. Rivers and CVLR Performance Horses, Inc filed its Counter claim in Case No CL14-1454 on July 24, 2015 claiming in part:

(a) Fraud perpetrated on the Defendants

(b) Failure to perform by Plaintiff

(c) Breach of Contract

(d) Requesting the Court to enter judgment against Northwood in the amount of $66,000.00 with prejudgement and post judgment interest, and that the Court award the Defendants their attorney's fees and costs expended in this matter, and other relief the Court deems just and meet.

18. On April 30, 2014 the Corporate existence of Northwood automatically ceased and its properties and affairs passed automatically to the debtor. No corporate annual report was filed for 2013 or 2014

19. On February 4, 2016, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code without notifying Rivers as creditor or the Roanoke City Circuit Court

20. On March 14, 2016, the debtor, as registered agent, reinstated Northwood Management Group, Inc with the Virginia State Corporation Commission and filed its 2015 Annual Report LATE on February 29, 2016

21. Rivers has a claim in the amount of $77,662.35 which is legal fees expended

22. Without additional income or assets, the debtor cannot propose or complete a plan that provides for the full payment of Rivers's priority claims, in compliance with 11 U.S.C. § 1325(a)(6). The debtor estimated his monthly income as $3,750. To pay the priority claims in 60 months the debtor would have to pay just under $6,500 per month, not including interest or expenses

23. Accordingly, Rivers objects to confirmation of the debtor's Chapter 13 because the debtor's plan makes no or inadequate provision for payment of River's and CVLR's counter claim nor any proof of any funds for future or pending litigation for Rivers or CVLR deeming any existing contract between Northwood and Rivers and CVLR Breached and Fraud induced and the plan is inadequately funded to provide for the full payment of all claims entitled to priority under section 507 of the Bankruptcy Code, in compliance with 11 U.S.C.§§ 1322(a)(2) and 1325(a)(1). Rivers believes the plan will remain objectionable, and cannot be confirmed.

WHEREFORE, Rivers prays the Court sustain its objection to confirmation

Respectfully

*[signature]*

Crystal VL Rivers
Pro Se

3831 Old Forest Rd, Suite 6

Lynchburg VA 24501

540-816-9905   ph

434-385-9746   fax

riversparalegalservices@gmail.com